UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY D. WESSELIUS,<br><br>             Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>             Defendant. | Case No. C11-2175-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court a third time, following an order of remand with directions to the Agency for further proceedings consistent with the Court's order.  (AR 1126–37.)  Plaintiff Henry D. Wesselius contends that the ALJ erred by (**1**) violating the law of the case by improperly excluding restrictions on Mr. Wesselius's residual functional capacity ("RFC") that had been established in the prior round of administrative proceedings and affirmed by the district court; (**2**) violating the law of the case by incorrectly finding Mr. Wesselius not disabled at step four based on the increased RFC; (**3**) improperly evaluating the opinions of non-examining State agency psychologists; (**4**) identifying occupations inconsistent with the finding that Mr. Wesselius could have only superficial interaction with supervisors; and (**5**) improperly evaluating treating psychiatrist Dr. Slightam's July 2010 opinions.  (Dkt. 18.)

REPORT AND RECOMMENDATION - 1

The Court addresses only **the first two issues** because it finds that the ALJ contravened the Court's remand order and the remaining issues may be mooted by proper consideration of that order and the present one.  The Court recommends that this matter be **REVERSED** and **REMANDED** for further administrative proceedings before **a new ALJ**.

## I.     FACTUAL AND PROCEDURAL HISTORY

Mr. Wesselius seeks review of the denial of his Supplemental Security Income and Disability Insurance Benefits applications due to the determination that, absent substance abuse, he was not disabled.  Mr. Wesselius is currently 53 years old, has completed high school, and has worked as a janitor/commercial cleaner, forklift operator, herdsman/general farm worker, warehouse material handler, telemarketer, dishwasher, laundry worker, industrial truck operator, machine miler, welding/parts assembler, automotive generator and starter repairer, and casino worker/Keno writer.  (AR 81–87, 493, 1091.)  He has been through **three rounds** of administrative hearings regarding his benefit determinations: the **first** proceeding was remanded on appeal in March 2007 (AR 538–56); the **second** proceeding was remanded on appeal in February 2010 (AR 1095–1137); and another rehearing resulted in a **third** ALJ denial in February 2011 (AR 1075–94).

## II.     THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] ALJ Ruperta M. Alexis made the following findings:

**Step one:**  Mr. Wesselius had not engaged in substantial gainful activity since July 5, 2002.

**Step two:**  Mr. Wesselius had the following severe impairments: polysubstance abuse disorder; cognitive disorder; anxiety disorder; seizure disorder; hepatitis C; and chronic pain.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

**Step three:**  These impairments met the listings for "affective disorders" and "substance addiction disorders."[2]  With Mr. Wesselius's drug addiction/alcoholism ("DAA") taken into account—Social Security regulations require that an assessment be made of the applicant's impairments *absent the substance abuse*[3]—his remaining impairments would be severe but not equivalent to a listed impairment.

**Residual Functional Capacity:** *Absent substance abuse*, Mr. Wesselius has the residual functional capacity to perform medium work[4] as follows: he can occasionally lift 50 pounds and frequently lift 25 pounds; he does not have any postural, manipulative, or visual limitations or restrictions; he has the ability to understand, remember, and follow **simple repetitive job instructions and tasks**;[5] he can perform those simple repetitive tasks routinely; he would work best in jobs where he would have no more than superficial interaction with supervisors or co-workers or members of the public; he can tolerate the pressures and expectations of a normal work day so long as they are limited to **simple tasks**[6] and superficial interaction.

**Step four:**  *Absent substance abuse*, Mr. Wesselius could perform his past relevant work as a laundry worker and a dishwasher.  Because his substance abuse was a contributing factor material to the determination of disability, Mr. Wesselius was not disabled at any time from the alleged onset date through the date of the decision.[7]

**Step five:**  Because Mr. Wesselius failed to demonstrate an inability to perform past relevant work, the Commissioner was not required to demonstrate that Mr. Wesselius retained the capacity to adjust to other work which exists in significant levels in the economy.  Step five of the inquiry was therefore not evaluated.

(AR 1081–93.)

### III.    DISCUSSION

**A.  Law of the Case and the *Sub Silentio* Revision of RFC**

Mr. Wesselius contends that ALJ Alexis violated the district court's February 2010 order and the law of the case when she effectively increased Mr. Wesselius's RFC based on the same

---

[2] Listing 12.04 for Affective Disorders and Listing 12.09 for Substance Addiction Disorders of 20 C.F.R. Part 404, Subpart P. Appendix 1 (20 CFR §§ 404.1520(d) and 416.920(d)).
[3] 20 C.F.R. §§ 404.1535, 416.935.
[4] 20 C.F.R. §§ 404.1567(c), 416.967(c).
[5] The ALJ replaced the specific restriction of "**one and two step job instructions**" (AR 530) in the earlier decision with the more general "**simple repetitive job instructions and tasks**" (AR 1085).
[6] The ALJ replaced the specific restriction of "**one and two step tasks**" (AR 530) in the earlier decision with the more general "**simple tasks**" (AR 1085).
[7] 20 C.F.R. §§ 404.1520(f), 416.920(f).

REPORT AND RECOMMENDATION - 3

evidence previously considered for the same period.  He is correct.

In February 2010, the present Chief Judge of the Western District of Washington Marsha J. Pechman affirmed the ALJ's RFC assessment for the period through the January 16, 2008 decision date, and "REMANDED back to the Administrative Law Judge *solely* on the issue of reassessing Plaintiff's ability to perform past relevant work, in keeping with the guidelines set forth in this order."  (AR 1127 (emphasis added).)[8]  Throughout her review of the ALJ's step four evaluation, then-Judge Pechman referred to whether Mr. Wesselius's restriction to one- or two-step tasks rendered him unable to perform his past work.  For example, Judge Pechman *rejected* Mr. Wesselius's contention that this restriction impeded his ability to perform the job of cleaner because "[t]he DOT clearly states that the cleaner position is confined to one- and two-step tasks."  (AR 1135.)[9]  Most relevant to the present proceeding are Judge Pechman's conclusions regarding the past relevant work of dishwasher or laundry worker:

> Plaintiff argues that the ALJ's RFC assessment of him as being limited to "**one and two step job instructions**" (AR 530, 1046) corresponds to a "**level one reasoning development**" finding.  Each DOT listing includes a level of reasoning development.  "**Level one**" is defined as the ability to: "Apply commonsense understanding to carry out simple **one- or two-step instructions**."  DOT, App. C.  "Level two" includes the ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  *Id.*
>
> **Dishwasher and laundry worker are both characterized as requiring level two reasoning development, and the VE testified that she equated the performance of one- or two-step tasks with level one reasoning.**  On that basis, the Plaintiff correctly argues that the record does not contain a reasonable explanation resolving this conflict or evidence that supports departing from the DOT.  On remand, the ALJ will be directed to reassess this conclusion.

(AR 1136 (emphases added).)  Judge Pechman carefully defined the scope of the remand:

---

[8] Similarly, the judgment states "that the matter is REMANDED to the Administrative Law Judge *solely* on the issue of reassessing Plaintiff's ability to perform past relevant work, in keeping with the guidelines set out in the Court's Order on Report and Recommendation . . . ."  (AR 1126 (emphasis added).)

[9] Judge Pechman ultimately found the ALJ erred by determining that Mr. Wesselius, confined by his RJC to a night cleaning position, could perform the cleaner job because it is generally performed in the daytime.  (AR 1135.)

REPORT AND RECOMMENDATION - 4

> The Court . . . remand[s] the matter to the ALJ to reassess her findings regarding Plaintiff's ability to perform past relevant work, both as actually performed and generally performed. The most likely outcome upon remand will be a finding at Step Four that there is no past relevant work that Plaintiff can perform and then a Step Five finding regarding "other work" to which Plaintiff's abilities are adequately suited. Further testimony from the VE will probably be indicated.

(AR 1137.)

Rather than reassess whether the jobs of dishwasher and laundry worker were consistent with one- or two-step tasks, the ALJ *sub silentio* increased Mr. Wesselius's RFC. In the January 2008 decision, ALJ Alexis limited Mr. Wesselius's RFC to "one and two step job instructions" and "one and two step tasks." (AR 530.) In the February 2011 decision, ALJ Alexis omitted those restrictions and replaced them with the more general language "simple repetitive job instructions and tasks" and "simple tasks." (AR 1085.) The ALJ never suggested an alteration in her earlier RFC evaluation. In fact, the ALJ noted that Judge Pechman had "specifically affirmed the analysis of the medical evidence in support of the RFC findings in the prior decision" and the evaluation of the evidence up through the time of the earlier hearing "remains undisturbed by the District Court and is adopted in its entirety in this decision." (AR 1087.) Nonetheless, without relying on a material change in circumstances, the ALJ then curiously and conspicuously cited to a 2009 opinion of an examining psychologist that Mr. Wesselius retained the capacity to perform simple, repetitive, **3-step commands**, and to a 2009 opinion by a state-agency consultant that Mr. Wesselius could "complete simple tasks and instructions of **1–3 steps**." (AR 1091 (citing AR 1186 and AR 1256).) The ALJ also rejected her own 2008 conclusion that Mr. Wesselius was restricted to simple one- and two-step tasks by referring to 2010 testimony that suggested a higher RFC for the *entire* period under consideration. (AR 1093.)

ALJ Alexis's February 2011 decision violates the law of the case and contravenes the

REPORT AND RECOMMENDATION - 5

letter and spirit of Judge Pechman's remand order.  Under the law of the case doctrine, the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.  *See, e.g.*, *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010).  The rule of mandate doctrine is a variant of the law of the case doctrine.  *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1214 (C.D. Cal. 2005).  Under the rule of mandate doctrine, a lower court receiving a mandate "'cannot vary it or examine it for any other purpose than execution.'"  *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1996) (citation omitted).  "The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision."  *Ischay*, 383 F. Supp. 2d at 1214 (emphasis in original) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)).   District courts in the Ninth Circuit and elsewhere have concluded that both of these doctrines apply with full force to Social Security cases, and that an ALJ may not exceed or contravene the scope of a district court's remand order.  *See Alamrez v. Astrue*, 2010 WL 3894646 (C.D. Cal. Sept. 20, 2010) at *3.  The Court will not depart from this approach.

By revising the RFC *sub silentio*, the ALJ committed legal error unsupported by substantial evidence.  Judge Pechman limited the scope of the remand *solely* to the step four reevaluation of past relevant work unless the ALJ continued on to a step five evaluation of other work.  (AR 1137.)   The remand order did not throw open the doors for a reassessment of RFC made between steps three and four.  *See, e.g., Gallagher v. Astrue*, 2009 WL 57033 (C.D. Cal. Jan. 6, 2009) (although remand was limited to step four and step five issues regarding plaintiff's past relevant work and alternate work, the ALJ improperly reassessed plaintiff's severe impairments at step two, plaintiff's RFC within step four, and eliminated moderate limitations previously found); *Ruiz v. Apfel*, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998) (remanding for

REPORT AND RECOMMENDATION - 6

further administrative proceedings where the remand order "makes it very plain that the remand was for a limited purpose," and there was "no basis for the ALJ to review issues that had been determined in plaintiff's favor" and not appealed).  As the Supreme Court explained in *Sullivan v. Hudson*:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.  Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989).

The Commissioner's arguments to the contrary are unpersuasive.  First, the Commissioner suggests that ALJ Alexis did not seek to exceed the scope of the remand order but merely to "translate" the one- to two-step restriction into more easily understood, equivalent language.  (Dkt. 19, at 4–7.)  The Court draws the opposite conclusion.  The ALJ subverted the remand order by omitting the language in the RFC that triggered a remand for a reevaluation of past relevant work in the first place.  This is not a case in which, writing on a blank slate, the Court considers whether a restriction to "simple, routine tasks" can ever be considered equivalent to a Reasoning Level 1 restriction to one- and two-step instructions and tasks.  *Compare Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010) ("Only occupations with a reasoning development level of one necessarily involve only simple instructions."), *with Lavendar v. Astrue*, 2011 WL 3664892, at *12 (W.D. Wash. 2011) (finding that Reasoning Level 2 was consistent with a restriction to simple, routine tasks).  Here the ALJ's "translation" of specific descriptors into more vague generalizations not only obfuscated the step four evaluation, it appears to have been manufactured to move Mr. Wesselius *out* of Reasoning Level 1 and *into* Reasoning Level 2.

Second, the Commissioner suggests that an exception to the law of the case applies here

REPORT AND RECOMMENDATION - 7

because of changed circumstances (Dkt. 19, at 8), i.e., Mr. Wesselius filed a new application for disability in April 2009, which resulted in the submission of new evidence and a consolidated hearing.  The Court rejects this proposition.  As Mr. Wesselius notes, the ALJ did not assert that additional evidence offered after she rendered her January 2008 decision showed that Mr. Wesselius had greater abilities.  Even while citing suddenly and conspicuously to Mr. Wesselius's restriction to the performance of one- to *three*-step instructions and tasks, the ALJ purported to apply the same RFC affirmed in Judge Pechman's remand order.  The ALJ has neither followed the law nor supported her conclusions with substantial evidence when there is no discussion whatsoever of materially changed circumstances or any delineation of dates that signify such a shift.

Third, the Commissioner suggests that, pursuant to 20 C.F.R. § 404.983 (2012), the ALJ was authorized to reassess Mr. Wesselius's RFC because the ALJ may consider "any issue" related to a claim for benefits. (Dkt. 19, at 8–9.)  The Court finds that § 404.983 does not allow the ALJ to exceed the scope of a district court's remand order as ALJ Alexis did here.  In the comments accompanying the final rule codified at § 404.983, the Agency explained:

> Certain court remand orders may specifically direct the Secretary to consider only a particular issue or to follow a procedure other than the procedures specified in these regulations.  We may seek to have such orders vacated or modified.  *If an order is not vacated or modified, we will comply with it.*

54 Fed. Reg. 37,789 (Sept. 13, 1989) (emphasis added).  The Commissioner did not challenge the scope of Judge Pechman's remand order and the ALJ was not authorized to disregard Judge Pechman's affirmance of Mr. Wesselius's established RFC.  *See generally American Textile Mfrs. Institute v. Donovan*, 452 U.S. 490, 539 (1981) ("[T]he *post hoc* rationalizations of the agency or the parties to this litigation cannot serve as a sufficient predicate for agency action.").

By engaging in a *sub silentio* revision of Mr. Wesselius's RFC, the ALJ contravened the

REPORT AND RECOMMENDATION - 8

remand order, violated the law of the case, and committed legal error without support of substantial evidence with respect to all periods under consideration: July 5, 2002 to the January 16, 2008 ALJ decision, and January 17, 2008 through the February 11, 2011 ALJ decision.

**B. Law of the Case and the Step Four Evaluation of Past Relevant Work**

Mr. Wesselius contends that ALJ Alexis violated Judge Pechman's remand order and the law of the case regarding step four: whether Mr. Wesselius could perform past relevant work. (Dkt. 19, at 11.) More specifically, he asserts that the ALJ did not address how Mr. Wesselius, who was restricted to the performance of work consistent with Reasoning Level 1 (one- and two-step instructions and tasks) could perform two Dictionary of Occupational Titles ("DOT") occupations (dishwasher and laundry worker) with Reasoning Levels of 2. (*Id.*) Mr. Wesselius is correct.

Judge Pechman's remand order directed a reassessment of past relevant work because "[d]ishwasher and laundry worker are both characterized as requiring level two reasoning development, and the VE testified that she equated the performance of one- or two-step tasks with level one reasoning." (AR 1136.) The ALJ purported to have satisfied Judge Pechman's remand order:

> [T]he undersigned was directed to resolve the prior vocational expert's departure from the DOT at the July 3, 2007, hearing on the issue of level-2 reasoning development required for the jobs of Laundry Worker and Dishwasher. This has been done. The vocational expert at the July 27, 2010, hearing stated that under the strict definition of the DOT, it was her opinion that claimant can perform the jobs of Laundry Worker and Dishwasher. The vocational expert specifically stated that the two jobs at issue are at svp 2, as according to the DOT, and that an individual typically must perform unskilled work for 30 days or less at level 2 to acquire such svp.

(AR 1092.) This analysis was insufficient for three reasons: (1) the ALJ declined even to discuss the impact of Mr. Wesselius's presumed Reasoning Level of 1; (2) the ALJ conflated

REPORT AND RECOMMENDATION - 9

Special Vocational Preparation ("SVP") and Reasoning Level; and (3) the ALJ did not accurately summarize the VE's testimony.

First, the ALJ declined to provide even the most cursory explanation of the impact of Mr. Wesselius's restriction to jobs classified at Reasoning Level 1 of General Educational Development ("GED"), i.e., those that require only "commonsense understanding to carry out simple one- or two-step instructions." DOT, App. C. § III, *available at* http://www.oalj.dol.gov/public/dot/references/dotappc.htm. Instead, the ALJ's analysis was based upon ignoring her previous RFC finding consistent with Reasoning Level 1, and proceeding as if Mr. Wesselius had an RFC finding consistent with Reasoning Level 2.

Second, the ALJ conflated two separate vocational considerations. Contrary to the ALJ's decision and the Commissioner's argument, the Western District of Washington and other courts have concluded that the SVP in a DOT listing indicating unskilled work does not address whether a job entails one- to two-step tasks.[10] *See, e.g.*, *Blakley v. Astrue*, 2009 WL 279029, at *6 (W.D. Wash. Feb. 3, 2009); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 982–83 (C.D. Cal. 2005); *Cooper v. Barnhart*, 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004); *Hall v. Barnhart*, 2004 WL 1896969, at *3 (D. Me. Aug. 25, 2004); *see also Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) (noting that reasoning level must be considered separately from a listing of unskilled work). The Western District has noted:

> A job's **SVP** is focused on "**the amount of lapsed time**" it takes for a typical worker to learn the job's duties. DOT at 1009. A job's **reasoning level**, by contrast, gauges the **minimal ability** a worker needs to complete the job's tasks themselves. As one court noted, "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED

---

[10] *Compare* DOT, App. C. § III (defining Reasoning Levels as part of GED) *with* DOT, App. C, § II (defining SVP as the amount of time required to learn a job), *available at* http://www.oalj.dol.gov/public/dot/references/dotappc.htm.

REPORT AND RECOMMENDATION - 10

[reasoning level] ratings." *Hall–Grover v. Barnhart*, 2004 WL 1529283, at *4 (D.Me. April 30, 2004). Here, the one vocational consideration directly on point with the limitation contained in the RFC is a job's reasoning level score.

*Blakley*, 2009 WL 279029, at *6 (emphases added). The ALJ failed to comply with Judge Pechman's remand order by substituting SVP for Reasoning Level in her analysis.

Third, the ALJ did not accurately summarize the VE's testimony. The VE did not testify that Mr. Wesselius could perform the jobs of laundry worker and dishwasher. (AR 1092.) Rather, the VE suggested that an a job classified as SVP 2 was consistent with a job characterized by simple tasks. (AR 1569.) When queried specifically about whether Mr. Wesselius could perform any past relevant work—including the jobs of laundry worker and dishwasher—if limited to Reasoning Level 1 (one- and two-step instructions/tasks), the VE answered that Mr. Wesselius could not. (AR 1561–62; 1573–74.)

ALJ Alexis's decision did not comply with Judge Pechman's remand order and was supported neither by the evidence nor the law.

**C. Issues 3 to 5**

The Court declines to consider Mr. Wesselius's issues 3 to 5 at this time because an ALJ's proper compliance with this order and Judge Pechman's 2010 remand order may categorically moot the other challenges to ALJ Alexis's step four evaluation.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings before a **new ALJ**. The law of the case provides that Mr. Wesselius's RFC is set forth in the ALJ's January 2008 decision for all periods under consideration. (AR 530.) Nothing in the ALJ's February 2011 decision suggests that Mr. Wesselius's RFC increased between the dates of the ALJ's

January 2008 decision and the ALJ's February 2011 decision.  The *sub silentio* revision of the RFC set forth in the ALJ's February 2011 decision is rejected as unsupported by the facts and the law.  (AR 1085.)

This matter is remanded *solely* on the issue of reassessing Mr. Wesselius's ability to perform past relevant work, in keeping with the guidelines set forth in this order and in Judge Pechman's February 2010 remand order (AR 1127–1137).  As Judge Pechman earlier noted: "The most likely outcome upon remand will be a finding at Step Four that there is no past relevant work that Plaintiff can perform and then a Step Five finding regarding 'other work' to which Plaintiff's abilities are adequately suited.  Further testimony from the VE will probably be indicated."  (AR 1137.)

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **September 12, 2012**.  If no objections are filed, the matter will be ready for the Court's consideration on **September 14, 2012**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 27th day of August, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge